**John W. HALL, Jr., Appellant,**

v.

**BOARD OF TRUSTEES OF ARKANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM; William Fleming; Col. Kenneth Milhoan; Nancy Hall; Jimmie Lou Fisher, Dr. R. L. Qualls; Fay Mathis; Marion Hickey; Edwin Fultz; Edwin E. Waddell, Trustees of Arkansas Public Employees Retirement System; and Fred Henne, Director of Arkansas Public Employees Retirement System, Appellees.**

**No. 81–1844.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1982.

Decided Feb. 12, 1982.

---

John Wesley Hall, Jr., argued, Little Rock, Ark., plaintiff pro se and as attorney for class.

Steve Clark, Atty. Gen., Robert R. Ross, argued, Deputy Atty. Gen., Little Rock, Ark., for appellees.

Before BRIGHT, ROSS and STEPHEN-SON, Circuit Judges.

PER CURIAM.

This action was brought under 42 U.S.C. § 1983 by a former deputy prosecuting at-

torney in Pulaski County, Arkansas on behalf of himself and a certified class of former public employees against the Board of Trustees of the Arkansas Public Employees Retirement System, together with the individual trustees and director thereof.

Plaintiff worked as deputy prosecuting attorney from June 1, 1973, until June 1977. During this period he was required by law to pay a percentage of his salary into the Arkansas Public Employees Retirement System according to Ark.Stat.Ann. § 12–2501, *et seq.* in the total amount of $2,115. Under the law then in effect Arkansas Public Employees Retirement System (APERS) members who left public employment before the end of their fifth year received reimbursement of their contribution to the plan, but without interest. Those who left public employment after five years could withdraw their contributions, together with three percent interest from their original date of employment. The certified class in this case includes only former public employees covered by APERS who terminated their employment prior to the expiration of five years from their initial date of employment. Plaintiff estimates there are 24,000 former public employees in this class.[1]

Arkansas has two other similar retirement plans. One covers teachers and one covers highway employees. Teachers who resign receive interest on the funds they contributed from the date of deposit. Since 1979 highway employees who resign receive interest from the end of the first year of their employment. Prior to 1979 they received interest only if they had been so employed for five years.

Plaintiff claims that the discrepancy in treatment among former APERS employees, vis-a-vis former teachers and former highway employees, denies equal protection to the former APERS employees. He further claims that it constitutes an unjust

---

1. On January 1, 1978, the entire system became noncontributory.

taking of the property of his class in violation of the fifth and fourteenth amendments to the United States Constitution and in violation of Article 2, § 22 of the Arkansas Constitution, or both.[2]

These claims were considered by the United States District Court for the Eastern District of Arkansas,[3] and on July 13, 1981, an opinion was filed denying the claims of plaintiff and his class. The district court found a rational basis for the differences among the three plans, relying on *United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980), and dismissed the federal claims with prejudice and the state constitutional pendent jurisdiction claim without prejudice.

We have closely examined the record, the briefs and the trial court's opinion and affirm the judgment of the district court on the basis of the reasoning expressed in that opinion pursuant to Rule 14 of the Rules of this court.

Affirmed.

---

2. The claim relating to the violation of the Arkansas Constitution is a pendent claim to the equal protection and unjust taking of property claims of plaintiff and his class.

3. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.